# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

JOHNNY S. COMBS,

    Plaintiff,

v.

RED BULL NORTH AMERICA, INC.;
RED BULL DISTRIBUTION COMPANY, INC.; and,
KEITH C. KENRICK, Individually,

    Defendants.

Case No. 1:19-cv-00880

Honorable

_____/

Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan 49503
Phone: (616) 454-8300
E-mail: sdrew@dca-lawyers.com
E-mail: asturdivant@dca-lawyers.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Johnny S. Combs, by and through his attorneys DREW, COOPER & ANDING, states as follows:

**JURISDICTION**

1. This action arises pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 et seq., Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq.  Jurisdiction is specifically conferred on this Court by the aforementioned statutory provisions.  The jurisdiction of the Court is invoked pursuant to 42 U.S.C. § 2000e-5(f), 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. §1343; and 28 U.S.C. §1367 (supplemental jurisdiction).

2. The unlawful and discriminatory employment practices alleged in this complaint occurred within the Western District of the State of Michigan.  Venue is proper therein pursuant to 28 U.S.C. § 1391.

3. The Equal Employment Opportunity Commission (EEOC) issued a Notice of Right to Sue regarding the aforementioned claims.  A copy is attached as Exhibit 1.  Equitable and other relief are also sought under the aforementioned statutory provisions.

**PARTIES**

4. Plaintiff realleges and reaffirms the above paragraphs with the same force and effect as if set forth herein.

5. Plaintiff, Johnny S. Combs, is a citizen of the United States and was at all relevant times a resident of the State of Michigan, City of Grand Rapids, County of Kent, which is within the territorial limits of the United States District Court for the Western District of Michigan.  Plaintiff Johnny Combs was at all relevant times an employee of Defendant Red Bull North America, Inc. and/or Defendant Red Bull Distribution Company, Inc.

6. Defendant Red Bull North America, Inc., hereinafter Defendant Red Bull, is a duly licensed corporation qualified to do business in Michigan and was at all relevant times conducting

business within the State of Michigan, City of Grand Rapids, County of Kent, which is within the territorial limits of the United States District Court of the Western District of Michigan.  Defendant Red Bull North America, Inc. was at all relevant times the employer of Plaintiff Johnny Combs.

7. Defendant Red Bull Distribution Company, Inc., hereinafter Defendant Red Bull, is a duly licensed corporation qualified to do business in Michigan and was at all relevant times conducting business within the State of Michigan, City of Grand Rapids, County of Kent, which is within the territorial limits of the United States District Court of the Western District of Michigan.  Defendant Red Bull Distribution Company, Inc. was at all relevant times the employer of Plaintiff Johnny Combs.

8. Defendant Keith C. Kenrick, hereinafter Defendant Kenrick, is a citizen of the United States and was at all relevant times a resident of the State of Michigan, City of Rockford, County of Kent, which is within the territorial limits of the United States District Court for the Western District of Michigan.  Defendant Keith Kenrick was at all relevant times an employee and General Sales Manager of Defendant Red Bull North America, Inc. and/or Defendant Red Bull Distribution Company, Inc.

## STATEMENT OF FACTS

9. Plaintiff realleges and reaffirms the above paragraphs with the same force and effect as if set forth herein.

10. With over 80 warehouses, Defendant Red Bull North America, Inc. and Defendant Red Bull Distribution Company, Inc. are involved in the distribution of Red Bull products throughout the United States.

11. On or about July 11, 2015, Plaintiff was hired by Defendants Red Bull as an Operations Manager at Defendants' distribution location at 3650 Broadmoor Avenue SE, Grand Rapids, Michigan.

12. Plaintiff made Defendants aware of his disability. He informed his supervisors and managers that as a result of a prior traumatic brain injury from a fall, he had been diagnosed with Post Traumatic Stress Disorder, depression, anxiety, and seizures.

13. Plaintiff was qualified for his position and performed his job duties as Operations Manager well.

14. During Plaintiff's employment with Defendant, he was regularly subjected to harassment because of his disability. Employees of Defendants Red Bull, including supervisors and managers, would sarcastically and mockingly remind Plaintiff of things, write down things for him all the time, and repeatedly go over things with Plaintiff.

15. As a way of demeaning Plaintiff because of his disability, Defendant Red Bull's General Sales Manager, Defendant Keith Kenrick, would regularly yell at Plaintiff and talk over Plaintiff during meetings. The conduct was harassing and done with the intent of embarrassing and intimidating Plaintiff.

16. The harassment boiled over when on January 18, 2019, during a company meeting, Plaintiff was preparing to speak to address a coworker's comments, when Defendant Kenrick suddenly and without provocation punched or otherwise struck Plaintiff in the back of his neck, right shoulder, and/or upper back area. Defendant Kenrick then told Plaintiff to "sit in his fucking chair and shut the fuck up and if you don't like it you can fucking leave, go to your office, or go home."

17. As a result of the continued harassment and hostile work environment Plaintiff was subjected to because of his disability, and the physical assault and battery Plaintiff sustained, Plaintiff's disability was aggravated and exacerbated including but not limited to his Post Traumatic Stress Disorder, depression, and anxiety.

18. Plaintiff's last day of employment was on or about March 13, 2019.

## COUNT I
## DISCRIMINATION
## HOSTILE WORK ENVIRONMENT/HARASSMENT (DISABILITY)
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. §12101 et seq.

19. Plaintiff realleges and reaffirms the above paragraphs with the same force and effect as if set forth herein.

20. At all relevant times, Plaintiff was an individual with a disability within the meaning of §3(2) of the ADA, 42 U.S.C. 12102(1). Specifically, Plaintiff has an impairment that substantially limits one or more of his major life activities, has a record of the impairment, and is regarded by Defendants as having the impairment.

21. Plaintiff is a qualified individual as that term is defined in the ADA, 42 U.S.C. 12111(8). Plaintiff is an individual who can and did perform the essential functions of his job as an Operations Manager.

22. During his employment with Defendants, Plaintiff was regularly subjected to harassment and a hostile work environment because of his disability. This conduct constitutes a violation of the ADA, 42 U.S.C. 12112.

23. Defendants conducted itself with malice or reckless indifference to Plaintiff's federally protected rights.

24. As a direct and proximate result of Defendants' discrimination and/or harassment, including the assault and battery that occurred on January 18, 2019, on the basis of his disability, Plaintiff has suffered physical and mental pain and suffering, shock, humiliation and embarrassment, mortification, medical expense, lost wages, benefits, loss of earning capacity, and loss of enjoyment of life.

**STATE LAW CLAIMS – SUPPLEMENTAL JURISDICTION**

**COUNT II
DISCRIMINATION
HOSTILE WORK ENVIRONMENT/HARASSMENT (DISABILITY)
PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
MCL 37.1101 et seq.**

25. Plaintiff realleges and reaffirms the above paragraphs with the same force and effect as if set forth herein.

26. At all material times, Plaintiff was an employee, and Defendants were his employer, covered by and within the meaning of the Persons with Disabilities Civil Rights Act (PDCRA), MCL 37.1201 et seq.

27. At all relevant times, Plaintiff was an individual with a disability as that term is defined by and within the meaning of the PDCRA, MCL 37.1103(e).

28. Plaintiff was discriminated against, within the meaning of the PDCRA, when Defendants regularly subjected to harassment and a hostile work environment because of his disability, in violation of the Persons with Disabilities Civil Rights Act, MCL 37.1202.

29. The actions of Defendants and its agents, representatives, and employees were intentional and in disregard for the rights and sensibilities of Plaintiff.

30. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has sustained injuries and damages, including the loss of earnings and earning capacity, loss of

fringe and pension benefits; mental and emotional distress, humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

## COUNT III
## ASSAULT AND BATTERY

31. Plaintiff realleges and reaffirms the above paragraphs with the same force and effect as if set forth herein.

32. The aforementioned acts and conduct of Defendant Keith Kenrick, General Sales Manager of Defendants Red Bull, including but not limited to the regular verbal abuse and harassment of Plaintiff Johnny Combs, and suddenly and without provocation punching or otherwise striking Plaintiff in the back of his neck, right shoulder and/or upper back area, and yelling at Plaintiff to "sit in his fucking chair and shut the fuck up and if you don't like it you can fucking leave, go to your office, or go home," constitutes assault and battery and a willful, harmful or offensive touching, threatening and/or striking of Plaintiff Johnny Combs against his will and without his consent, in violation of Michigan common or statutory law.

33. The aforementioned actions were done by said manager in front of others and with knowledge of the Plaintiff's disability and vulnerability and with an intent and certainty to injure and cause extreme fright, shock, humiliation, and embarrassment under the circumstances.

34. As a direct and/or proximate result of the aforementioned actions and inactions of Defendant Red Bull's alter ego and/or managerial personnel, Defendant Keith Kenrick, General Sales Manager of Defendants Red Bull, Plaintiff has sustained injuries including, but not limited to physical pain and suffering, mental anguish, fright, shock,

embarrassment, humiliation, mortification, damage to reputation, disruption of his personal life, loss of enjoyment of the ordinary pleasures of living, and loss of earnings, social security, fringe benefits, applicable seniority, raises, and opportunities for training and promotions.

## DAMAGES

35. Plaintiff realleges and reaffirms the above paragraphs with the same force and effect as if set forth herein.

36. As a direct and/or proximate result of Defendants' unlawful and discriminatory employment practices as described above, Plaintiff Johnny Combs, due to his disability, has been subjected to discrimination, hostile work environment, harassment, and assault and battery. Plaintiff Johnny Combs has suffered physical pain and suffering, mental anguish, outrage, embarrassment, humiliation, damaged reputation and disruption of his personal and working life, loss of self-esteem, loss of job satisfaction, and loss of the ordinary pleasures of everyday living.

37. As a direct and/or proximate result of Defendants' unlawful and discriminatory employment practices as described above, Plaintiff Johnny Combs also has been deprived of wages past and prospective, loss of earning capacity, income and other employment benefits, including but not limited to, prospective retirement benefits, holiday and vacation pay and other promotional and fringe benefits of said employment, and has additionally been subjected to mental and financial distress and anxiety, and/or other damages known or unknown.

WHEREFORE, Plaintiff Johnny S. Combs seeks all appropriate damages against Defendant Red Bull North America, Inc., Defendant Red Bull Distribution Company, Inc., and Defendant Keith Kenrick arising out of law, equity and fact for each or all of the above counts where applicable, and requests the trier of fact award Plaintiff all applicable damages, including, but not limited to, compensatory, exemplary and/or punitive and all other relief arising out of law, equity, and fact according to statutory and common law, including interest, costs, and attorney fees.

Dated:  October 23, 2019

By: /s/ Stephen R. Drew
Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan  49503
Phone: (616) 454-8300
E-mail: sdrew@dca-lawyers.com
E-mail: asturdivant@dca-lawyers.com

## **JURY DEMAND**

Plaintiff, Johnny S. Combs, by and through his attorneys DREW, COOPER & ANDING, demands a trial by jury on all claims set forth above.

Dated:  October 23, 2019　　　　　　　　　　By:　/s/ Stephen R. Drew
　　　　　　　　　　　　　　　　　　　　　　　　Stephen R. Drew (P24323)
　　　　　　　　　　　　　　　　　　　　　　　　Adam C. Sturdivant (P72285)
　　　　　　　　　　　　　　　　　　　　　　　　DREW, COOPER & ANDING
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　　80 Ottawa Avenue NW, Suite 200
　　　　　　　　　　　　　　　　　　　　　　　　Grand Rapids, Michigan  49503
　　　　　　　　　　　　　　　　　　　　　　　　Phone: (616) 454-8300
　　　　　　　　　　　　　　　　　　　　　　　　E-mail: sdrew@dca-lawyers.com
　　　　　　　　　　　　　　　　　　　　　　　　E-mail: asturdivant@dca-lawyers.com